UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>　　　　Petitioner,<br>　　v.<br><br>Christopher J. Raboin,<br><br>　　　　Respondent. | **4:08-MC-20**<br><br>**ORDER ENFORCING SUMMONSES** |

Based upon the petition filed by the United States, the pleadings with respect thereto, the appearances of the parties before the Court and good cause appearing,

IT IS HEREBY ORDERED that enforcement of petitioner's summonses issued to Christopher J. Raboin, is hereby granted based upon petitioner having met the United States v. Powell, 379 U.S. 48 (1964), criteria for summons enforcement and respondent having failed to demonstrate that such enforcement would constitute an abuse of the court's process or that the summonses were issued by the Internal Revenue Service for an improper purpose, and

IT IS FURTHER ORDERED that respondent ,Christopher J. Raboin, shall produce the documents and testimony required in the summonses within forty-five (45) days of the date of this Order to the U.S. Attorney's Office, 405 W. Congress, Suite 4800, Tucson, AZ 85701-5040, or Respondent shall contact Internal Revenue Officer Lorenzo Garza at (520) 205-5014 to arrange the time and place to produce documents and testimony required in the summonses within the forty-five (45) days of the date of

1 this order, and

2     IT IS FURTHER ORDERED that respondent may comply within this Order by 3 providing the testimony, and all documents and records he possesses or controls relating 4 to his tax liabilities, or the collection to his tax liabilities, or for the purpose of inquiring into 5 any offense connected with the administration or enforcement of the internal revenue 6 laws for the yearly tax periods ending December 31, 2001, December 31, 2002, 7 December 31, 2005, December 31, 2006, and December 31, 2007, to include but do not 8 limit it to:

(1) All documents in the possession and control of Christopher J. Raboin reflecting the assets and liabilities of Christopher J. Raboin including, but not limited to, the following: all bank statements, checkbooks, canceled checks, savings account passbooks, and records of certificates of deposit, for the period June 1, 2007 to May 30, 2008, regarding accounts or assets held in the name of Christopher J. Raboin, or held for the benefit of Christopher J. Raboin;

(2) All records or documents regarding stocks and bonds, deeds or contracts regarding real property, current registration certificates for motor vehicles and life or health insurance policies currently in force, any of which items are owned, wholly or partially, by Christopher J. Raboin, or in which Christopher J. Raboin has a security interest, or held for the benefit of Christopher J. Raboin, so that a Current Collection Information Statement may be prepared;

(3) All documents and records in the possession and control of Christopher J. Raboin reflecting the taxable income of Christopher J. Raboin for the years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007, including but not limited to:

(4) Statement of wages for the years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007, statements regarding interest or dividend income for the years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007; employee earnings statements for the years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007; records of bank deposits during the years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007; and

(5)     Any and all books, records, documents, and receipts regarding wages, salaries, tips, fees, commissions, and any other compensation for services (including gains for dealings in property, interest, rental, royalty, and dividend income; alimony, annuities, income life insurance policies and endowment contracts, pensions, income from the discharge of indebtedness, distributive, shares of partnership gross income, and income from an estate or trust) so that the federal income tax liability for the years ending December 31, 2001, December 31, 2002, December 31, 2005, December 31, 2006, and December 31, 2007 (for which years no return has been made) may be determined.

IT IS FURTHER ORDERED that respondent's non-compliance with the terms and conditions of this order may serve as grounds for a finding of civil contempt against him.

DATED this 17th day of December, 2008.

_____
John M. Roll
Chief United States District Judge